CHARLES W. CONNORS, PLAINTIFF-APPELLANT, v. FRANK
BRIDEN, Jr., ADMINISTRATOR, ETC., DEFENDANT-RE-
SPONDENT.

Submitted May term, 1927—Decided November 23d, 1927.

**Decedents' Estates—Actions Against Representatives—Suit for
Services Rendered Brought Within Six Months of Death—
Plaintiff Nonsuited in Court Below—Statute Not Pleaded in
Defendant's Answer—Claim Had Been Presented to Defend-
ant Who Disputed Its Payment—Held, That Answer Must
State Specifically Any Defense; Besides, the Two Sections
of the Act Must be Read Together and Section 71 Specifically
States That the Creditor Shall Bring Suit Within Three
Months From the Time of Giving Notice That Claim is Dis-
puted—This is a Waiver of the Six Months' Exemption
From Suit.**

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the appellant, *Charles E. Cook.*

For the defendant, *Harry R. Cooper.*

PER CURIAM.

This suit was brought by the plaintiff, as the husband of
Louise J. Connors, to recover for services rendered to Frank
Briden, Sr., at his request, in his lifetime, for nursing and
household services, from February 25th, 1923, to August 26th,
1926, alleged to be reasonably worth $4,200.

The trial resulted in a nonsuit on the plaintiff's opening,
on the' ground that the suit was brought within six months
after the death of Frank Briden, Sr., in violation of the Or-
phans Court act. 3 *Comp. Stat.,* p. 3832, § 65, and p. 3835,
§ 71.

Frank Briden, Sr., died August 25th, 1926, the suit was
brought January 19th, 1927. This was not pleaded by the

defendant in the answer. He denies the truth contained in the first, second, third and fifth paragraphs of the first count of the complaint. The first of these refer to the services and the fifth denies that the claim had been presented.

As to the second count in the answer, he denies the truth of the matters contained in the first, second and third paragraphs of the second count. These refer to the services, but he admits the truth of the matters contained in the fourth and fifth paragraphs of the second count. These allege that the defendant was appointed administrator of Frank Briden, Sr., and that the claim for services was duly presented to the defendant, who disputes the same. This is an admission of that fact. So, the Practice act (*Pamph. L.* 1912, *p.* 392, § 40) provides, the answer must specially state any defense, which is consistent with the truth of the material allegations of the complaint, and any defense which, if not stated, would be likely to cause surprise, or would raise issues not arising out of the complaint.

The answer did not state that the suit was prematurely brought, but even so, the two sections above cited must be read together. Section 71 provides, the creditor *shall* bring suit therefor within three months from the time of giving notice that the claim is disputed. The giving of the notice that the claim is disputed is a waiver of the six months exemption from suits. *Cooney* v. *Little,* 98 *N. J. L.* 361. The brief states the notice that the claim was rejected was received January 13th, 1927. The suit was brought January 19th, 1927.

So, we think the trial court was in error in nonsuiting the plaintiff. The judgment of the Monmouth Court of Common Pleas is therefore reversed.